UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>        vs.<br><br>DEBRA VAN BRUNT-OREIRO,<br><br>                    Defendant.<br>_____ | No.  CR-12-0027-JLQ<br><br>**ORDER RE:  MOTION FOR JUDGMENT OF ACQUITTAL AND DIRECTING ENTRY OF JUDGMENT** |

## I.    Introduction

At the close of the Government's case on September 19, 2012, the Defendant moved the court for a Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29. The court heard argument from counsel. For the reasons stated on the record, the court orally granted the Motion as to all Counts in the Indictment.

## II.    Rule 29

Federal Rule of Criminal Procedure 29 provides that a judgment of acquittal is to be entered if the evidence is insufficient to sustain a conviction. Fed.R.Crim.P. 29(a). "The evidence is sufficient to support a conviction if, 'viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000) (*citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Under Rule 29, all reasonable inferences are to be drawn in favor of the government, and any conflicts in the evidence are to be resolved in favor of the jury's verdict. *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201-02 (9th Cir. 2000).

The Indictment charged the Defendant with 21 counts of health care fraud pursuant to, what was clarified on the first day of trial, 18 U.S.C. § 1347(a)(2). To sustain a

conviction for health care fraud under this provision the Government was required to prove 1) that the Defendant knowingly and *willfully* executed, or attempted to execute, a scheme or artifice to obtain money or property from a health care benefit program by means of material false or fraudulent pretenses, representations, or promises; 2) that the scheme was in connection with the delivery of or payment for health care benefits, items, or services; and 3) that the Defendant acted willfully and with the intent to defraud.

Viewing the evidence, both direct and circumstantial, in the light most favorable to the prosecution, the court found that there was insufficient evidence from which the jury could reasonably find the defendant guilty of health care fraud beyond a reasonable doubt. The Government's evidence established that the Defendant was a subcontracted mental health therapist for the Confederated Tribes of the Colville Reservation. The Defendant's contracts were with and overseen and supervised by the Tribe and the Tribe's behavioral health program, and were paid by the Tribe. Counts 1-21 of the Indictment concerned Medicaid claims submitted for payment by the Tribe to the State of Washington under the Tribe's provider number. The Government's evidence was inadequate to allow any rational trier of fact to find all of the essential elements of the alleged offense beyond a reasonable doubt.

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion for Judgment of Acquittal on Counts 1-21 of the Indictment (ECF No. 1) is **GRANTED**. The clerk of this court shall enter judgment dismissing the Indictment and the claims therein with prejudice.

By reason hereof, the Defendant is released from all pretrial conditions previously imposed.

The District Court Executive is directed to enter this Order, enter judgment of dismissal of the Indictment and the claims therein with prejudice, provide copies to counsel, and close this file.

**DATED** this 21st day of September, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2